PEOPLE ex rel. DAILEY v. O'BRIEN, Fire Com'r, et al.

(Supreme Court, Appellate Division, Second Department.  March 11, 1908.)

1. MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—DISCHARGE OF EMPLOYES.

Where, on the hearing of charges against a fireman on the ground that he was instrumental in procuring another fireman to pay money to S. to secure the latter's services to obtain a promotion in the service, there was evidence that defendant introduced such fireman to S., and at that meeting an arrangement was made by which the fireman agreed to pay S. $1,000 to obtain an appointment as assistant foreman and to gain a rerating on the eligible list, the deputy fire commissioner before whom the charges were tried was authorized to find as a fact that defendant introduced the fireman to S. in order that the latter should use his influence for the benefit of such fireman.

2. SAME—ORDER OF DISMISSAL.

Where two charges were filed against relator looking to his dismissal from the fire department of New York City, and on the trial one of the charges was dismissed and he was found guilty on the other, a statement in the order discharging him from the force that he was found guilty and dismissed on both charges was a harmless clerical error.

Rich, J., dissenting.

Certiorari by the people, on the relation of Henry C. Dailey, against John H. O'Brien, fire commissioner of the city of New York, and another, to review relator's dismissal from the fire department. Order confirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Edward V. Farley, for appellant.
Royal E. T. Riggs (Theodore Connoly, on the brief), for respondents.

GAYNOR, J. The charges against the relator were two, i. e., (1) that he made an agreement with one Smith to pay him $850 to use his influence to obtain for the relator promotion in the fire department and (2) that he introduced Fireman Oppe to the said Smith for the latter to use his influence in like manner for Oppe in consideration of Oppe paying him $1,000. The deputy commissioner dismissed the first charge, but found the relator guilty of the second and recommended his dismissal from the force, whereupon the commissioner made such order of dismissal.

Smith had been convicted in the Special Sessions of obtaining the $1,000 of Oppe. In order to have him arrested Oppe made an

affidavit, and the relator made one in corroboration before the magistrate, in which he said that he introduced Oppe to Smith, and that the said Smith told the said Oppe that if he would pay him $1,000 he would procure for him an appointment as assistant foreman, and would have his rating by the civil service board changed, and have his name put high on the eligible. list. The prosecutor of the charge against the relator put this in evidence, and also the evidence of the relator on the trial of Smith, and examined Oppe. The relator testified on the trial of Smith that he could not remember ever having seen Oppe and Smith together, but when shown his said affidavit he admitted that he introduced them, but said that he heard no conversation between them. On the present trial he was confronted with his testimony given on the trial of Oppe before the deputy fire commissioner, that he heard Smith say to Oppe at the time of such introduction that he would act for him and assist him in getting a rerating, and getting him high on the eligible list, and that his fee would be $1,000, and admitted it was true. Oppe's testimony confirmed this, but he said that the relator did not see him pay the $1,000 to Smith.

The relator having introduced Oppe to Smith, and the latter having obtained $1,000 of Oppe for his aid or influence to get him rated high and promoted, the only thing left to make out the charges was whether the relator introduced Oppe to Smith for the latter to use such influence. The deputy commissioner had to draw his conclusion of fact on that head from all of the evidence, and the inferences that could be drawn therefrom. It cannot be said that the relator was not privy to the arrangement between Oppe and Smith. He introduced Oppe, and the agreement was made then and there in his presence. It was fair for the commissioner to conclude that the introduction was for the purpose of bringing about the agreement, for Smith and Oppe immediately proceeded to discuss the matter of Smith's ·aid, and entered into the agreement for it. It may be that the deputy commissioner was influenced adversely to the relator by the way in which he was worried and baited by the captiousness and insubordinate tone and manner of the relator's lawyer on the trial (who is not. of counsel before us), but that we cannot help. If those who are subjected to such trials have them conducted in a way to annoy and harass the trial officer, and drive out his good nature, they have themselves to blame if he does not feel very amiable or lenient toward them when the trial is over.

The statement in the order of dismissal that the relator was found guilty and dismissed on both charges is a harmless clerical error. The whole record of the proceeding shows that the first charge was dismissed, and the return to the writ is that the commissioner "approved of the findings and recommendation of the deputy commissioner."

The order should be confirmed.

Determination confirmed, with costs. WOODWARD and MILLER, JJ., concur. HOOKER, J., concurs in result. RICH, J., dissents.